IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CAUSE OF ACTION INSTITUTE<br>1875 Eye Street, N.W., Suite 800<br>Washington, D.C. 20006,<br><br>   Plaintiff,<br><br> v.<br><br>ENVIRONMENTAL PROTECTION AGENCY<br>1200 Pennsylvania Avenue, N.W.<br>Washington, D.C. 20460,<br><br>   Defendant. | Case No. 1:17-cv-2549 |

## COMPLAINT

1. Plaintiff Cause of Action Institute ("CoA Institute") brings this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, seeking access to records maintained by Defendant Environmental Protection Agency ("EPA"). These records concern EPA employees' use of an encrypted messaging application, called "Signal," to communicate about agency business, as well as EPA efforts to retrieve, recover, and retain records created or received by EPA employees on Signal.

2. The EPA has failed to issue a final determination on or produce any records responsive to two CoA Institute FOIA requests within the applicable statutory time limits. In doing so, the EPA has withheld records to which CoA Institute has a right and that serve the public interest in transparent and accountable government.

## JURISDICTION AND VENUE

3. Jurisdiction is asserted pursuant to 28 U.S.C. § 1331 and 5 U.S.C. § 552(a)(4)(B).

4. Venue is proper pursuant to 28 U.S.C. § 1391(e) and 5 U.S.C. § 552(a)(4)(B).

**PARTIES**

5. CoA Institute is a 501(c)(3) non-profit strategic oversight group committed to ensuring that government decision-making is open, honest, and fair. In carrying out its mission, CoA Institute uses various investigative and legal tools to educate the public about the importance of government transparency and accountability. CoA Institute regularly requests access under the FOIA to the public records of federal agencies, entities, and offices, including the EPA, and disseminates its findings, analysis, and commentary to the general public.

6. The EPA is an agency within the meaning of 5 U.S.C. § 552(f)(1). It has possession, custody, and/or control of records to which CoA Institute seeks access and which are the subject of this Complaint.

**FACTS**

7. On February 2, 2017, a news agency, *Politico*, reported that a "small group of career [EPA] employees—numbering less than a dozen so far—[were] using an encrypted messaging app" called "Signal" to discuss how to respond to the Trump Administration. Andrew Restuccia *et al.*, *Federal workers turn to encryption to thwart Trump*, Politico, Feb. 2, 2017, http://politi.co/2km4Qrb. According to the news report, the EPA employees used Signal to communicate about work-related issues, including how to prevent incoming political appointees from "undermin[ing] their agency's mission to protect public health and the environment" or "delet[ing] valuable scientific data." *Id.*

8. Following publication of the news report, CoA Institute opened its own investigation into EPA use of Signal and other encrypted electronic messaging applications. *See* CoA Inst., *CoA Institute Investigates EPA Employees Using Electronic Messaging Apps to Thwart Transparency*, Feb. 3, 2017, http://coainst.org/2x4EUc7. This investigation included a FOIA

lawsuit against the EPA to compel the production of agency records wrongfully withheld. *See Cause of Action Inst. v. Envtl. Prot. Agency*, No. 17-0509 (D.D.C. filed Mar. 21, 2017); CoA Inst., *Lawsuit Demands Records on EPA Employees' Use of Encrypted Messaging App*, Mar. 22, 2017, http://coainst.org/2ocoSJR; *see also* CoA Inst., *CoA Institute Uncovers EPA Investigation into Employees' Use of Encrypted Messaging App*, Mar. 23, 2017, http://coainst.org/2vJa7Nr.

9. Based upon its analysis of the information contained in the records produced during the aforementioned lawsuit, CoA Institute submitted two additional FOIA requests to the EPA. Those two additional requests are the subject of this Complaint.

A.   **CoA Institute's August 30, 2017 FOIA Request**

10. As part of its motion for summary judgment in unrelated FOIA litigation, the EPA revealed that it "uses a software tool known as Mobile Device Management [("MDM")]," which is "installed on all compatible [EPA]-issued mobile devices" and can be used to compile a report that identifies the mobile applications running on any EPA-furnished device. *See* Ex. 1 at 1–2.

11. The MDM program was used by an EPA contractor during the agency's investigation into the use of Signal. *Id.* at 2. Specifically, on February 3, 2017, the EPA "received a request from the Office of Inspector General [("OIG")] asking for assistance in identifying whether certain mobile apps," including Signal, had been downloaded to EPA devices. *Id.* The requested report was generated on February 7, 2017. *Id.* On information and belief, this report would have identified all agency-issued devices that were then running Signal.

12. By letter, dated August 30, 2017, CoA Institute submitted a FOIA request to the EPA seeking access to the following records:

    1.    The February 3, 2017 OIG request;

    2.    The February 7, 2017 MDM report;

    3.     The February 9, 2017 correspondence transmitting the results of the MDM report to the Acting Assistant Administrator of the Office of Environmental Information; and

    4.     All other records reflecting the total number of EPA devices on which, per the MDM report, Signal was installed . . . includ[ing] any correspondence between the EPA and the OIG.

*Id.* at 2.

13.    CoA Institute identified the time period for Item 4 of the request as "February 7, 2017 to the present," and defined the terms "present" and "record" for purposes of the request. *Id.*; *id.* at 2 n.10 (citing *Pub. Citizen v. Dep't of State*, 276 F.3d 634 (D.C. Cir. 2002), and *Am. Immigration Lawyers Ass'n v. Exec. Office for Immigration Review*, 830 F.3d 667, 677 (D.C. Cir. 2016)).

14.    CoA Institute also requested a public interest fee waiver and classification as a representative of the news media for fee purposes. *Id.* at 2–4.

15.    The EPA received CoA Institute's FOIA request on August 30, 2017 and assigned it tracking number EPA-HQ-2017-010970. Ex. 2.

16.    On September 20, 2017, at the EPA's request, CoA Institute clarified various aspects of its request, including the scope of Items 2 and 4. *See* Ex. 3.

17.    By letter, dated September 27, 2017, the EPA explained that it had "initiated the coordination of and search for responsive records," but required "additional time for consultation among two or more components of the agency[.]" Ex. 4. As such, the agency extended its response deadline by an additional ten working days "[p]ursuant to 40 C.F.R. § 2.104(d)." *Id.*

18.    By letter, dated October 5, 2017, the EPA "determined that the total fee that would be incurred in processing [CoA Institute's] requests does not reach a billable amount," thus mooting CoA Institute's fee category and public interest fee waiver requests. Ex. 5. The EPA also indicated that the OIG would be responsible for responding to the request. *Id.*

19. The EPA continued to provide revised estimates of the processing timeline for CoA Institute's August 30, 2017 FOIA request. Most recently, the agency expected to issue a final determination on or about October 27, 2017. The EPA, however, failed to provide that determination and, to date, no further updates have been provided.

### B. CoA Institute's September 11, 2017 FOIA Request

20. By letter, dated September 11, 2017, CoA Institute submitted another FOIA request to the EPA seeking access to "[a]ll records concerning efforts (1) to retrieve, recover, or retain records created or received by EPA employees on Signal, and (2) to investigate agency employee's unauthorized use of encrypted-messaging applications." Ex. 6 at 2. CoA Institute specified that "[r]esponsive records would include, but are not limited to, e-mail correspondence between the Office of Environmental Information and the [OIG]." *Id.* CoA Institute also explained that "[r]esponsive records would include any final complaints, reports, or memoranda saved to the Inspector General Enterprise Management System ("IGEMS")[.]" *Id.*

21. CoA Institute identified the time period for its request as "February 4, 2017 to the present," and defined the terms "present" and "record." *Id.*; *id.* at 2 n.8 (citing *Pub. Citizen v. Dep't of State*, 276 F.3d 634 (D.C. Cir. 2002), and *Am. Immigration Lawyers Ass'n v. Exec. Office for Immigration Review*, 830 F.3d 667, 677 (D.C. Cir. 2016)).

22. CoA Institute requested a public interest fee waiver and classification as a representative of the news media for fee purposes. *Id.* at 2–3.

23. The EPA received CoA Institute's second FOIA request on September 11, 2017 and assigned it tracking number EPA-HQ-2017-011341. Ex. 7.

24. By letter, dated September 19, 2017, the EPA again "determined that the total fee that would be incurred in processing [CoA Institute's] request does not reach a billable amount."

5

Ex. 8.  The EPA also stated that the Office of Environmental Information would be responsible for responding to the September 11, 2017 FOIA request.  *Id.*

25.     To date, the EPA has failed to provide any further update on the processing of the September 11, 2017 FOIA request.  The agency has not invoked the automatic statutory extension of its response deadline, nor has it provided an estimated date of completion.

**COUNT I**

**Violation of the FOIA: Failure to Comply with Statutory Requirements**

26.     CoA Institute repeats all of the above paragraphs.

27.     The FOIA requires an agency to accept and process any request for access to agency records that (a) "reasonably describes such records," and (b) "is made in accordance with published rules stating the time, place, fees, . . . and procedures to be followed[.]"  5 U.S.C. § 552(a)(3)(A).

28.     The FOIA further requires an agency to respond to a valid request within twenty (20) business days or, in "unusual circumstances," within thirty (30) business days.  *Id.* § 552(a)(6)(A)–(B).  If an agency requires additional time, the FOIA mandates that the agency provide the requester "an opportunity to arrange with the agency an alternative time frame for processing the request[.]"  *Id.* § 552(a)(6)(B)(ii).

29.     CoA Institute's August 30, 2017 and September 11, 2017 FOIA requests seek access to agency records maintained by the EPA, reasonably describe the records sought, and otherwise comply with the FOIA and applicable EPA regulations.

30.     The EPA failed to issue final determinations on or produce any records responsive to CoA Institute's FOIA requests within the applicable statutory time limits.

31.     The EPA also failed to comply with the FOIA in that it never "arrange[d] . . . an alternative time frame" for responding to CoA Institute's FOIA requests.  With respect to the September 11, 2017 FOIA request, the EPA has not issued an estimated date of completion, has

not invited CoA Institute to negotiate an "alternative" response date for the request, and has not sought clarification on the scope of the request.

32. CoA Institute has fully exhausted its administrative remedies under 5 U.S.C. § 552(a)(6)(C).

### **RELIEF REQUESTED**

WHEREFORE, CoA Institute respectfully requests and prays that this Court:

a. Order the EPA to process the August 30, 2017 and September 11, 2017 FOIA requests and to issue final determinations within twenty (20) business days of the date of the Order;

b. Order the EPA to produce all responsive records promptly upon issuing its final determinations on those FOIA requests;

c. Award CoA Institute its costs and reasonable attorney fees incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and

d. Grant such other relief as the Court may deem just and proper.

Dated: November 28, 2017  Respectfully submitted,

*/s/ Ryan P. Mulvey*
Ryan P. Mulvey
D.C. Bar No. 1024362
Lee A. Steven
D.C. Bar No. 468543

CAUSE OF ACTION INSTITUTE
1875 Eye Street, N.W., Suite 800
Washington, D.C. 20006
Telephone: (202) 499-4232
Facsimile: (202) 330-5842
lee.steven@causeofaction.org
ryan.mulvey@causeofaction.org

*Counsel for Plaintiff CoA Institute*